# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| PAUL GEORGE PETERSON,<br><br>      Plaintiff,<br><br>vs.<br><br>MARK PROSSER, TODD ERSKINE,<br>RAY EICKHOLT, JOEY SPEERS,<br>CHRIS COLE, PATTI MOORE, and<br>TOM MILLER,<br><br>      Defendants. | No. C08-4005-MWB<br><br>**ORDER** |

The defendants Mark Prosser, Todd Erskine, Ray Eickholt, Joey Speers, Chris Cole, and Patti Moore (for purposes of this order, "the defendants") have filed a motion asking the court to order the plaintiff to recast his *pro se* Complaint to set forth each of his claims in "a short and plain statement showing that the pleader is entitled to relief." Doc. No. 24, p. 2. The defendants argue the individual paragraphs of the plaintiff's Amended Complaint in this case contain such a jumble of claims that are potentially viable, marginally plausible, or, in some cases, already dismissed by the court, that they are unable to prepare a proper responsive pleading. In the alternative, the defendants ask the court to dismiss the Complaint. In partial support of their motion, the defendants note the plaintiff is a suspended Illinois attorney who has legal training and knowledge of the procedural rules. They therefore assert the plaintiff should be held to a higher standard than other *pro se* litigants.

It is abundantly clear to the court from the pleadings, motions, and other documents the plaintiff has filed in this case that this *pro se* plaintiff will be unable to comply with a further order to recast his claims in short and plain statements. By the plaintiff's own claim, he suffers from ADHD, and, although the plaintiff disputes their diagnoses,

qualified mental health professionals have diagnosed him in the past as suffering from bipolar disorder. Regardless of the diagnosis, it also is clear to the court from the plaintiff's filings and from speaking with the plaintiff that he does, in fact, suffer from an illness or mental condition that affects his ability to communicate in a clear and concise manner. It would appear the plaintiff's mental condition was a cause of his suspension from the practice of law. The court overrules the defendants' request to hold the plaintiff to a higher standard than other *pro se* litigants. However, given the state of the pleadings, the court recognizes the defendants' difficulty in identifying the exact basis for each of the plaintiff's remaining claims.

The Federal Rules of Civil Procedure were amended effective December 1, 2007, to state the Rules in more easily-understood terms. *See, e.g.*, Fed. R. Civ. P. 8, Adv. Comm. Notes to 2007 Amendments. Rule 8 now requires each allegation to "be simple, concise, and direct," but notes that "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). Rule 8 also provides that the "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Taken together with the court's mandate to construe *pro se* pleadings liberally, this presents a dilemma when a *pro se* litigant has pleaded facts sufficient to withstand dismissal for failure to state a claim, but appears to be unable to cast his claims in "simple, concise, and direct" terms. This requires the court to construe the Complaint in a "remedial manner," as was done here in the Initial Review Order. *Cf. Crooks v. Nix*, 872 F.2d 800 (8th Cir. 804 (8th Cir. 1989).

The defendants' motion to recast or dismiss the Complaint is **denied**. However, the defendants are hereby relieved from the requirements of Rule 8(b), to the extent the Rule would require them to respond to each specific statement of fact in the Amended Complaint. Instead, the defendants may respond in narrative form, if desired, addressing the claims as they are summarized in the Initial Review Order, and in Judge Bennett's order accepting the Initial Review Order and dismissing certain defendants and claims.

*See* Doc. No. 18. It is clear from the Amended Complaint, as summarized, that the plaintiff's claims arise from several incidents he alleges took place on and after January 21, 2006. In their Answer, the defendants should provide their own versions of these incidents, and set forth any defenses they wish to assert to the claims Judge Bennett identified in the table appended to his order.

Except with respect to the defenses identified in Federal Rule of Civil Procedure 12(b)(1), (2), (3), (4), (5), or (7), which must be asserted to avoid waiver, the court will not, under these unusual circumstances, apply stringently Rule 9(b)(6), which ordinarily would deem admitted any allegation not specifically denied.

The defendants are directed to file their response to the Amended Complaint **by July 3, 2008**.

**IT IS SO ORDERED.**

**DATED** this 13th day of June, 2008.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT