# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| PAUL GEORGE PETERSON,<br><br>  Plaintiff,<br><br>vs.<br><br>MARK PROSSER, TODD ERSKINE, RAY EICKHOLT, JOEY SPEERS, CHRIS COLE, PATTI MOORE, and TOM MILLER,<br><br>  Defendants. | No. C08-4005-MWB<br><br>**ORDER** |

_____

The plaintiff has filed a motion (Doc. No. 31) seeking to disqualify attorney Phil Redenbaugh, who has entered an appearance in this case on behalf of all defendants except Tom Miller. The defendants have resisted to the motion (Doc. No. 41), and the defendant Tom Miller also has filed a brief response (Doc. No. 36).

Preliminarily, the court notes the plaintiff complains that "the federal court REFUSES STILL to appoint a federal attorney" to represent him in this matter. As the court has advised previously, the plaintiff in this civil action is not entitled to the appointment of an attorney to represent him at public expense, and the court will not compel a private attorney to represent the plaintiff, regardless of the plaintiff's claim that "he is disabled, and sorely afraid, and anxious, and perchance brain damaged. . . ."

Turning to the merits of the plaintiff's motion, it is within the court's discretion to disqualify an attorney when appropriate. *See Petrovic v. Amoco Oil Co.*, 200 Fd 1140, 1154 (8th Cir. 1999). However, a litigant's choice of counsel to represent him is given substantial deference, and a party should not be deprived of his freedom to choose his attorney absent a showing that the opposing party will be prejudiced. *See, e.g.*, *Reschke v. Baldwin Transfer Co.*, 2007 WL 2071564 at *1 (E.D. Ark. July 19, 2007). In addition,

due to the potential for abuse by the opposing party, *see, e.g.*, *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 441, 105 S. Ct. 2757, 2766, 86 L. Ed. 2d 340 (1985) ("the tactical use of attorney-misconduct disqualification motions is a deeply disturbing phenomenon in modern civil litigation"), motions to disqualify counsel are subject to "particularly strict judicial scrutiny." *Harker v. Comm'r of Internal Revenue*, 82 F.3d 806, 808 (8th Cir. 1996) (citations omitted).

Here, the plaintiff takes issue, first, with filings in which Mr. Redenbaugh refers to the plaintiff as a "disbarred lawyer." Immediately upon discovering that the plaintiff was, in fact, not "disabarred," but instead was a "suspended" attorney, Mr. Redenbaugh filed an amended brief in which he corrected that error. There is nothing in the record to indicate Mr. Redenbaugh intended to mislead the court or to malign the plaintiff by his representation.

The plaintiff otherwise makes various claims alleging Mr. Redenbaugh has a conflict of interest in representing the defendants in this case, and that he will be a "necessary witness" with regard to one of the plaintiff's claims. The court finds the plaintiff has failed to make a sufficient showing that he will suffer any real prejudice from Mr. Redenbaugh's continued representation of the defendants in this matter. As the Eighth Circuit has cautioned, "'A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary.'" *Macheca Transport Co. v. Philadelphia Indemnity Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (quoting *Banque Arabe Et Internationale D'Investissement v. Ameritrust Corp.*, 690 F. Supp. 607, 613 (S.D. Ohio 1988), in turn citing *Melamed v. ITT Cont'l Baking Co.*, 592 F.2d 290, 293 (6th Cir. 1979)).

The plaintiff's motion to disqualify Mr. Redenbaugh is **denied**.

The plaintiff further asks the court to strike the defendants' Answer and other documents filed by the defendants because copies were not mailed to him by defense counsel. At the time those documents were filed by the defendants, the court's electronic filing system indicated, erroneously, that the plaintiff was registered to receive documents electronically. As such, the defendants were unaware that they should serve documents on the plaintiff by mail. When the problem was identified, the Clerk of Court provided the plaintiff with copies of documents that had not been served on him. Therefore, the plaintiff's request to strike those documents is **denied**.

To ensure the plaintiff has a copy of the defendants' pending Motion to Dismiss (Doc. No. 21), the Clerk of Court is directed to mail another copy of the motion to the plaintiff, and the deadline for the plaintiff to respond to the motion is extended to **July 3, 2008**. The defendants are directed to mail to the plaintiff copies of all further documents they file in the case.

**IT IS SO ORDERED.**

**DATED** this 20th day of June, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:
plus a copy of #21 Motion to Dismiss
by: /s/ des, Deputy Clerk  6/20/08