# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| PAUL GEORGE PETERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>MARK PROSSER, TODD ERSKINE,<br>RAY EICKHOLT, JOEY SPEERS,<br>CHRIS COLE, PATTI MOORE, and<br>TOM MILLER,<br><br>    Defendants. | No. C08-4005-MWB<br><br>REPORT AND<br>RECOMMENDATION ON<br>MOTION TO DISMISS |

_____

This matter is before the court on a Motion to Dismiss filed by the defendant Tom Miller. (Doc. No. 21) Miller is Attorney General of the State of Iowa, and he is named as a defendant in this case for purposes of notifying the State that Peterson has made a constitutional challenge to certain state statutes. *See* Fed. R. Civ. P. 5.1(a)(1)(B) (no separate notice of constitutional challenge is required where a state officer or employee, in his/her official capacity is named as a party in the case).

Peterson claims Iowa Code section 716.7(2)(B), defining and prohibiting "trespassing," is "unconstitutionally vague, overbroad, and with no 'standards' to ascertain when, and how, [Peterson] can argue and establish a cogent 'justification' defense[.]" (Doc. No. 13, p. 70) He claims Iowa Code section 723.4(2), prohibiting "disorderly conduct," is unconstitutional as applied to him. (*Id.*) He claims he is "currently confronted" in a criminal action by Iowa Code section 321.1A, which specifies conditions under which a person is presumed to be a resident of the State of Iowa. In his Amended Complaint, Peterson claims these three statutes form the bases for ongoing criminal proceedings against him. (*See* Doc. No. 13) Miller asks the court to abstain from ruling on these claims pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d

669 (1971). In the alternative, if any of Peterson's prosecutions has terminated in the State's favor, then Miller requests dismissal pursuant to "the *Rooker-Feldman* doctrine." (Doc. No. 21, p. 1)

In a nutshell, the abstention doctrine first set forth in *Younger v. Harris* "'directs federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Cedar Rapids Cellular Telephone, L.P. v. Miller*, 280 F.3d 874, 879 (8th Cir. 2002) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982). Stated otherwise, "federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004).

The *Younger* doctrine gives the court discretion to decline abstention in certain cases, such as when there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," *Middlesex*, 457 U.S. at 435, 102 S. Ct. at 2523, or where a plaintiff seeks damages that could be awarded without declaring the challenged statutes unconstitutional. *See Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

In the present case, Peterson clearly would have the opportunity to raise his constitutional challenges in the context of the criminal proceedings against him. As Miller notes in his brief, the Iowa Supreme Court regularly entertains challenges to the statutes underlying a conviction. (*See* Doc. No. 21-2, p. 5, citing cases)

Peterson argues at length again *Younger* abstention on the basis that application of the doctrine here would be unjust and inequitable because the doctrine apparently was used

to defeat certain claims he asserted in proceedings that took place in Illinois from 2001 to 2004. He argues abstention under *Younger* will remove any right he has "to confront his accusers, or to cross-examine them, and will allow Miller to fudge any hopes [Peterson] could have, for any 'review', of any impact, where he would be forced to languish, for years, on end, in front of the Iowa Supreme Court, where they use forged orders, routinely, apparently, to 'fudge' any hopes of any true constitutional review. . . ." (Doc. No. 45, pp. 20-21)

Peterson "accepts" and recognizes that the *Younger* doctrine, on its face, is applicable here. (*See id.*, pp. 25-26, ¶ 12) However, he argues the court should exercise its discretion in declining to abstain because of the "wide-ranging" impact of his constitutional challenges, and the importance of the outcome of these challenges to the citizens of Iowa. He argues he has tried repeatedly "to improve the system" to benefit the citizens of Iowa, and "the pernicious pattern of 'vague', 'overbroad', no standards, chilling of free speech, and retaliation, for and against any person that speaks out, about religious tolerance, and religious freedom, is of utmost importance, to resolve, and not merely by the federal courts putting their heads in the sand, and 'abstaining'[.]" *Id.*, pp. 26-28, ¶¶ 13-15)

Peterson further argues he has shown the type of "bad faith, harassment or extraordinary circumstances, that would make abstention 'inappropriate[,]" (*Id.*, pp. 29-31 ¶¶ 16-17) However, Peterson's unsupported allegations of bad faith and harassment on the part of State officials is insufficient to justify an exception to the abstention doctrine. *See Suster v. Jefferson-Moore*, 118 Fed. Appx. 87, 90 (7th Cir. 2004). The Eighth Circuit Court of Appeals has observed that federal courts "may not engage any presumption 'that the state courts will not safeguard federal constitutional rights.'" *Neal v. Wilson*, 112 F.3d 351, 357 (8th Cir. 1997) (quoting *Middlesex*, 457 U.S. at 431, 102 S. Ct. at 2521).

3

The constitutionality of the Iowa statutes challenged by Peterson is no more important here than in other cases in which citizens perceive themselves to be unjustly persecuted or prosecuted. Peterson has failed to make a sufficient showing that the State courts would not provide a just and adequate venue for him to raise his constitutional challenges. Therefore, to the extent criminal prosecutions against Peterson are ongoing for violation of these statutes, Peterson's challenges to Iowa Code sections 321.1A, 716.7(2)(B), and 723.4(2) should be dismissed pursuant to the *Younger* doctrine.[1]

Should the criminal prosecutions of Peterson be terminated in favor of the State, then Miller argues the current challenge to sections 321.1A, 716.7(2)(B), and 723.4(2) should be dismissed under the *Rooker-Feldman* doctrine, which provides that except in the case of a petition for writ of *habeas corpus*, lower federal courts do not have subject matter jurisdiction over challenges to state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1932); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *see Newell v. Rolling Hills Apts.*, 134 F. Supp. 2d 1026, 1033 (N.D. Iowa 2001) (Bennett, C.J.). As Judge Bennett observed in *Newell*, "federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court. . . . The *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Newell*, 134 F. Supp. at 1033.

Thus, in the context of this case, if the criminal prosecutions of Peterson result, or have resulted, in judgments favorable to the State of Iowa, this court lacks jurisdiction to entertain Peterson's challenges to sections 321.1A, 716.7(2)(B), and 723.4(2). His constitutional challenges to those statutes should be dismissed.

---

[1] Neither Miller nor Peterson has made any averments regarding the current status of the criminal proceedings against Peterson.

Peterson also asserts constitutional challenges to two subsections of Iowa Code section 814 -- subsection 5, which provides the State with the right to appeal from certain dismissals, and subsection 12, which provides that the State's appeal or application for discretionary review does not stay operation of a judgment in favor of a defendant. Peterson claims these statutes are unconstitutional, at least as applied to him. Miller argues Peterson lacks standing to invoke this court's jurisdiction over his challenge to the constitutionality of these two statutes.

As to subsection 814.5, Miller notes Peterson mentions the statute in paragraph 144 of his Amended Complaint without ever indicating in what way application of the statute has aggrieved him. The court, similarly, can find no specific allegation to indicate how Peterson has been aggrieved by section 814.5, nor can the court divine any way in which Miller could be aggrieved by the statute in such a way as to invoke this court's jurisdiction. Peterson has failed to allege any "injury in fact" that has resulted to him as a result of the application of section 814.5, or to allege any way in which a decision in his favor would redress any actual (or even perceived) injury he has suffered due to operation of the statute. *See, e.g., Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin County*, 115 F.3d 1372, 1378 (8th Cir. 1997) (setting forth the "irreducible constitutional minimum" to confer standing on one who attempts to invoke federal jurisdiction).

As to subsection 814.12, Peterson's constitutional challenge is even more difficult to comprehend. The section operates to the benefit of a criminal defendant by providing that when a defendant receives a favorable judgment, the judgment is not stayed even if the State files an appeal. Again, Peterson has failed to allege that he has suffered any injury as the result of the operation of the statute, nor is it conceivable how he could do so.

Peterson has failed to show he has standing to challenge the constitutionality of subsection 5 or subsection 12 of Iowa Code section 814. Miller's motion to dismiss should be granted as to those claims.

Within Peterson's resistance to Miller's motion, Peterson also asks the court to allow him to amend his Complaint further to add challenges to additional Iowa statutes. (*See* Doc. No. 46, pp. 1, 19-20). He further asks the court "to enter some sort of injunctive relief" to prevent application of the *Younger* abstention doctrine. (*Id.*, pp. 20-21) Peterson has failed to make even a preliminary showing necessary to support the requested relief, and these motions should be denied.

In conclusion, for the reasons discussed above, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[2] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1) and Fed. R. Civ. P. 72(b), **within ten (10) days of the service of a copy of this Report and Recommendation,** that Miller's motion to dismiss be granted as to Peterson's constitutional challenges to Iowa Code sections 716.7(2)(B), 723.4(2), 321.1A, 814.5, and 814.12; and that Peterson's motion (Doc. No. 46) to amend his Complaint and for injunctive relief be denied.

**IT IS SO ORDERED.**

**DATED** this 22nd day of July, 2008.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des, Deputy Clerk 7/22/08

---

[2]Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72.