IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| PAUL GEORGE PETERSON, <br><br> Plaintiff, <br><br> vs. <br><br> MARK PROSSER, CHIEF OF POLICE OF STORM LAKE, IOWA, INDIVIDUALLY AND ON BEHALF OF THE CITY OF STORM LAKE, IOWA, AN IOWA MUNICIPAL CORPORATION, *et al*. <br><br> Defendants. | No. C08-4005-MWB <br><br> **ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT TOM MILLER'S MOTION TO DISMISS AND PLAINTIFF PETERSON'S MOTION TO AMEND COMPLAINT AND FOR INJUNCTIVE RELIEF** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On March 17, 2008, plaintiff Paul George Peterson filed his 72 page *pro se* Amended Complaint in this case. In his Amended Complaint, plaintiff Peterson melds a wide assortment of claims against defendants. Among them, plaintiff Peterson has named Tom Miller, the Attorney General of the State of Iowa, as a defendant in his official capacity for purposes of notifying the State of Iowa that Peterson is challenging the constitutionality of certain Iowa State statutes. *See* Fed. R. Civ. P. 5.1(a)(1)(B) (no separate notice of constitutional challenge is required where a state officer or employee, in his/her official capacity is named as a party in the case). In particular, plaintiff Peterson claims Iowa Code § 716.7(2)(B), defining and prohibiting "trespassing," is "unconstitutionally vague, overbroad, and with no 'standards' to ascertain when, and how,

[Peterson] can argue and establish a cogent 'justification' defense[.]" Amended Compl. at 70. Plaintiff Peterson also claims Iowa Code § 723.4(2), prohibiting "disorderly conduct," is unconstitutional as applied to him. Amended Compl. at 70. In addition, plaintiff Peterson asserts that he is "currently confronted" by application of Iowa Code § 321.1A, which specifies conditions under which a person is presumed to be a resident of the State of Iowa. In his Amended Complaint, Peterson claims these three Iowa statutes form the bases for ongoing proceedings in Iowa state court against him. Peterson also challenges the constitutionality of Iowa Code § 814(5), which provides the state with the right to appeal from certain dismissals, and Iowa Code § 814(12), which provides that the state's appeal or application for discretionary review does not stay operation of a judgment in favor of a defendant. Peterson asserts that Iowa Code §§ 814(5) and 814(12) are unconstitutional, as applied to him.

Defendant Miller has filed a motion to dismiss in which he requests that the court abstain from ruling on these claims pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Alternatively, if any of plaintiff Peterson's prosecutions have terminated in the state's favor, defendant Miller requests dismissal pursuant to the *Rooker-Feldman* doctrine. With respect to plaintiff Peterson's as applied constitutional challenges to Iowa Code §§ 814(5) and 814(12), defendant Miller asserts that plaintiff Peterson lacks standing to challenge their constitutionality in this forum. In plaintiff Peterson's resistance to defendant Miller's motion, Peterson requests that to be allowed to amend his complaint further and also requests injunctive relief.

Defendant Miller's motion to dismiss was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss has filed a Report and Recommendation in which he recommends that defendant Miller's motion to dismiss be granted. Judge Zoss concluded that plaintiff Peterson had failed to make a sufficient

showing that Iowa State courts would not provide a just and adequate venue for him to raise his constitutional challenges and, therefore, to the extent criminal prosecutions against Peterson are ongoing for violation of these statutes, Peterson's challenges to Iowa Code sections 321.1A, 716.7(2)(B), and 723.4(2) should be dismissed pursuant to the *Younger* doctrine. Alternatively, Judge Zoss concluded that if the criminal prosecutions of Peterson result, or have resulted, in judgments favorable to the State of Iowa, this court lacks jurisdiction to entertain Peterson's challenges to sections 321.1A, 716.7(2)(B), and 723.4(2). Accordingly, Judge Zoss recommended granting that part of defendant Miller's motion to dismiss and dismissing plaintiff Peterson's constitutional challenges to those statutes. Moreover, with respect to plaintiff Peterson's as applied constitutional challenges to Iowa Code §§ 814(5) and 814(12), Judge Zoss found that plaintiff Peterson had failed to show he has standing to challenge the constitutionality of either subsection of Iowa Code § 814. Therefore, Judge Zoss also recommended that defendant Miller's motion to dismiss be granted as to those claims. Judge Zoss also recommended that plaintiff Peterson's motion to amend the complaint and request for injunctive relief be denied.

Plaintiff Peterson has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, must now undertake the necessary review of Judge Zoss's recommended disposition of defendant Miller's motion to dismiss.

## II. LEGAL ANALYSIS
### A. *Standard Of Review*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

3

> recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004)

4

(noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's *required* de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any *issue* need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger *de novo* review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has been willing to "liberally construe[]" otherwise general pro se objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full *de novo* review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356,

5

1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, this court will strive to provide de novo review of all issues that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed). The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even

6

if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153-54. Thus, while a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.[1]

---

[1] The Eighth Circuit Court of Appeals, in the context of a dispositive matter originally referred to a magistrate judge, does not review a district court's decision in similar fashion. The Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. *See United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's factual findings for clear error . . . . Here, however, the record reflects that [the

As noted above, plaintiff Peterson has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Miller's motion to dismiss.

---

appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error"). An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will *not* result in a waiver of the right to appeal '"when the questions involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986))). In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation. *See, e.g.*, *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, 'where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.' We review the district court's legal conclusions de novo." (citation omitted)).

### *B. Review Of Report And Recommendation*

The court has reviewed Judge Zoss's Report and Recommendation in light of plaintiff Peterson's objections and conducted the necessary de novo review. After this review, the court concludes that Judge Zoss has correctly recommended that defendant Miller's motion to dismiss be granted and that plaintiff Peterson's motion to amend the complaint and request for injunctive relief be denied. Accordingly, the court adopts Judge Zoss's Report and Recommendation, and grants defendant Miller's motion to dismiss and denies plaintiff Peterson's motion to amend the complaint and request for injunctive relief.

### *III. CONCLUSION*

The court **accepts** Judge Zoss's Report and Recommendation and grants defendant Miller's motion to dismiss and denies plaintiff Peterson's motion to amend the complaint and request for injunctive relief. Therefore, plaintiff Peterson's claims against defendant Miller are dismissed in their entirety.

**IT IS SO ORDERED.**

**DATED** this 21st day of October, 2008.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA